IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRI COUNTY REALTY, INC., | : | |
| | : | Civil Action No. 4: 06-CV-1926 |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | (Judge McClure) |
| LUNAIRE LIMITED, et al., | : | |
| | : | |
| Defendants | : | |

**O R D E R**

November 30, 2006

**BACKGROUND:**

On August 25, 2006, Tri County Realty, Inc. ("Tri County"), filed its complaint for damages against Lunaire Limited, SPX Corp., Kendro Laboratories, Inc., and Thermal Product Solutions (collectively "SPX")[1] in the Court of Common Pleas of Lycoming County, Pennsylvania.

On September 28, 2006, SPX removed the action to this court based on diversity of the parties. Tri County is a corporation organized under the laws of Pennsylvania and having its principal place of business in Lycoming County, Pennsylvania. SPX is a corporation organized under the laws of Delaware and

[1]Defendants Lunaire Limited, Kendro Laboratories Inc., and Thermal Product Solutions are not separate legal entities of SPX Corp.

having its principal place of business in Charlotte, North Carolina. Tri County's complaint seeks damages in excess of $75,000.

The complaint arises out of a commercial lease agreement that Tri County entered into with SPX in which SPX leased certain property to Tri County. Tri County seeks relief based upon breach of contract (Count I), unjust enrichment/restitution (Count II), and misrepresentation/implied contract (Count III).

On October 4, 2006, SPX filed its motion to dismiss Count III of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion is now fully briefed and ripe for our decision. For the following reasons we will deny the motion to the extent that Count III states a claim for promissory estoppel and grant the motion to the extent that Count III states a tort claim.

**DISCUSSION:**

## I. Motion to Dismiss Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Kost v. Kozakiewicz, 1 F.3d 176, 183

(3d Cir. 1993). In ruling on a motion to dismiss the court primarily considers the allegations of the pleading, but is not required to consider legal conclusions alleged in the complaint. Kost, 1 F.3d at 183. At the motion to dismiss stage, the court considers whether plaintiff is entitled to offer evidence to support the allegations in the complaint. Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000). A complaint should be dismissed only if the court, from evaluating the allegations in the complaint, is certain that under any set of facts relief cannot be granted. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997); Markowitz v. Northeast Land, Co., 906 F.2d 100, 103 (3d Cir. 1994).

The failure-to-state-a-claim standard of Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and factfinding." Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). A court may dismiss a claim under Rule 12(b)(6) where there is a "dispositive issue of law." Id. at 326. If it is beyond a doubt that the non-moving party can prove no set of facts in support of its allegations, then a claim must be dismissed "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." Id. at 327.

## II. Statement of Relevant Allegations

As alleged in the complaint, on or about October 2, 2000, Tri County and

SPX entered into a commercial lease agreement in which Tri County agreed to rent certain property to SPX. In consideration, SPX would pay Tri County a monthly rental fee. In order to induce Tri County to enter into this lease and to receive a lower monthly rental fee, SPX had agreed to make certain improvements to the property, which would remain the property of Tri County after the termination of the lease. Furthermore, Tri County agreed to build an addition to the property which would be occupied by SPX upon completion. When this addition was completed, the rent would be increased. Tri County alleges that it finished the addition and SPX failed to pay the increased rental rate and that this constituted a default on the lease.

## **III. SPX's Motion to Dismiss**

SPX, in its motion to dismiss, takes issue with Count III of Tri County's complaint. This count is titled "Misrepresentation and Implied Contract." Specifically, SPX argues that this count is a tort action and barred by Pennsylvania's "Gist of the Action" doctrine. Additionally, SPX argues that even if Count III is interpreted as a quasi contract claim and not a tort claim, it is still barred because it is duplicative of Count II of the complaint, which states a claim for "Unjust Enrichment/Restitution."

First, the court notes that jurisdiction in this case rests on the diversity of the

parties. A federal court sitting in diversity must apply the substantive law of the state in which it sits. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). In the present case, there does not appear to be any dispute that Pennsylvania law applies.

Although not expressly recognized by the Pennsylvania Supreme Court, the Third Circuit has predicted that the state supreme court would adopt the "Gist of the Action" doctrine as set out by Pennsylvania's Superior Court. Williams v. Hilton Group PLC, 93 Fed.Appx. 384, 385 (3d Cir. 2004). This doctrine is designed to maintain a distinction between breach of contract claims and tort claims by barring plaintiffs from recasting breach of contract claims as tort claims. eToll, Inc. v. Elias/Savion Advertising, Inc., 811 A.2d 10, 14 (Pa. Super. Ct. 2002). The reason for the distinction is because a tort claim is created by a breach of a duty imposed as a matter of social policy, while a contract claim is created by a breach of a duty imposed by mutual agreement. Id. The critical question is whether the tort claims are "inextricably intertwined" with the contract claims or whether the tort claims are "tangential" to the contract. Id. at 21. Thus, the doctrine cannot be evaded by merely pleading that the defendant acted negligently, recklessly, or intentionally if the gravamen of the claim is that the defendant failed to perform a promise. Sunquest Information Systems, Inc. v. Dean Witter Reynolds, Inc., 40 F.Supp.2d 644, 651 (W.D.Pa. 1999) (citing Factory Market, Inc.

v. Schuller Int'l, Inc., 987 F.Supp. 387, 394 (E.D.Pa. 1997).

As already stated, Tri County's Count III is titled "Misrepresentation and Implied Contract." This count alleges that SPX misrepresented to Tri County that it would lease the addition in accordance with the terms in the contract. (Pl.'s Compl., Rec. Doc. No. 1-2, ¶ 60). Further, this count alleges that Tri County relied on those misrepresentations and sustained damages by building the addition. (Id.)

SPX argues that Tri Count's tort claim of misrepresentation is barred by the "Gist of the Action" doctrine." This court would agree if it was certain that Tri County was attempting to assert a tort action. Although not completely clear, Tri County's "Misrepresentation and Implied Contract" count appears to be a poorly labeled promissory estoppel claim. Under Pennsylvania law, a cause of action under promissory estoppel occurs when (1) the defendant made a promise that it should have reasonably expected to induce action or forbearance on the part of the plaintiff; (2) the plaintiff detrimentally relied on that promise; and (3) injustice can be avoided only by enforcing the promise. Edwards v. Wyatt, 335 F.3d 261, 277 (3d Cir. 2003) (citing Crouse v. Cyclops Indus., 745 A.2d 606, 610 (Pa. 2000)). Here, the misrepresentation alleged by Tri County appears to be the promise that SPX should have reasonably expected to induce action. Furthermore, building the addition by Tri County would constitute the detrimental reliance. Therefore, to the

extent that Tri Count is asserting a promissory estoppel claim in Count III, the "Gist of the Action" doctrine is not applicable.

As already stated, it is not entirely clear whether Count III is a claim for promissory estoppel or tort. Furthermore, Tri County failed to clarify the nature of its claim in its opposition to SPX's motion to dismiss. Tri County seeks in excess of three million dollars in damages for both its breach of contract claim and its unjust enrichment claim, but only twenty-five thousand dollars in damages for its misrepresentation/implied contract claim. Claims such as unjust enrichment and promissory estoppel are alternative claims to a breach of contract claim and are only recoverable when no contract is found. Carlson v. Arnot-Ogden Memorial Hospital, 918 F.2d 411, 416 (3d Cir. 1990). If Tri County is seeking this amount in excess of the damages sought in Counts I and II and not in the alternative, it would appear it is doing so on a tort theory and not promissory estoppel. If that is the case, this tort would indeed be "inextricably intertwined" with the contract action and therefore barred by the "Gist of the Action" doctrine. Therefore, to the extent that Tri County is asserting a tort claim in Count III, this count is dismissed.

Additionally, SPX argues that even if Count III states a quasi contract claim and is not barred by the "Gist of the Action" doctrine, it should still be dismissed because it is duplicative of Count II. Count II states a claim for "Unjust

Enrichment/Restitution." Under Pennsylvania law, unjust enrichment occurs when (1) the plaintiff has conferred benefits on the defendant; (2) the benefits have appreciated; and (3) it would be inequitable for the defendant to retain those benefits without payment of value. Styer v. Hugo, 619 A.2d 347, 350 (Pa. Super. 1993). Although similar, an unjust enrichment claim is not identical to a promissory estoppel claim because each has elements that the other does not. Unlike promissory estoppel, unjust enrichment does not require a promise. Similarly, promissory estoppel does not require a conferral of benefits. Finally, the court notes that it is extremely common for a plaintiff to assert both an unjust enrichment and a promissory estoppel claim in addition to a breach of contract claim. Therefore, if Count III asserts a promissory estoppel claim, it is not duplicative of Count II.

**CONCLUSION:**

To the extent Count III asserts a promissory estoppel claim, the defendant's motion to dismiss is denied, because it is not barred by Pennsylvania's "Gist of the Action" doctrine and is not duplicative of Count II. To the extent that Count III asserts a tort claim based upon misrepresentation, it is barred by the "Gist of the Action" doctrine and is dismissed.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. To the extent that Tri County is asserting a promissory estoppel claim in Count III of its complaint, SPX's motion to dismiss is DENIED. (Rec. Doc. No. 4).

2. To the extent that Tri County is asserting a tort claim in Count III of its complaint, SPX's motion to dismiss is GRANTED.

s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge